```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**JOYCE MARIE MOORE, et al.**                     **CIVIL ACTION**

**VERSUS**                                        **NO. 65-15556**

**TANGIPAHOA PARISH SCHOOL BOARD**                **SECTION B(1)**

### ORDER AND REASONS

Before this Court is Plaintiffs' Motion for Further Relief Regarding "Majority to Minority Transfers" (Rec. Doc. No. 590).

**IT IS ORDERED** that Plaintiffs' Motion for Further Relief Regarding Further Relief is **GRANTED**.

**IT IS FURTHER ORDERED** that Recommendations of the Compliance Officer Regarding Majority to Minority Transfers be **ADOPTED in Part.**

### BACKGROUND

Plaintiffs allege that the Tangipahoa School System is not in compliance with the 1979 Court-ordered Majority to Minority Transfers.  In particular, Plaintiffs allege that Defendants have failed to provide free transportation and have failed to give priority placement to majority to minority transferees.  As a result, the Tangipahoa School System remains segregated, maintaining disproportionately one-race schools in contravention of Court order.

Compliance Officer, Arlene Guerin, has conceded that Plaintiffs were correct in stating that forms used by the school system were non-compliant with the 1979 Court Order regarding Majority to Minority Transfers.  The Majority to Minority

1

transfer form required parents to provide their own transportation as opposed to the Court's order to provide free transportation.  She did note, however, her efforts had been in good faith and she worked to remedy this mistake.  (Rec. Doc. No. 597).

Plaintiffs seek the Court's intervention for compliance with the 1979 Court Order regarding Majority to Minority Transfers. Plaintiffs also move that this Court require Defendants to give Parish-wide immediate notice of the correct contents of the Court's order and provide parents ample opportunity to exercise rights pursuant to the order.

Plaintiffs also seek that this Court require Defendants to contact parents who may have provided transportation for their children related to "majority to minority" transfers and make reasonable reimbursement of the costs of such transportation.

**DISCUSSION**

**A.   1979 Court Order**

The 1979 Court order signed on September 2, 1979 and entered September 3, 1979 provides:

> Any pupil, with parental consent, shall have the right to transfer from a school at which his race is in the majority to any school at which his race is in the minority, and transferees shall be given priority for space.  The Board shall furnish free transportation provided the distance involved meets state transportation regulations.
>
> This priority provision applies only to transfer requests made prior to the beginning of each school term.  When a transfer request is made during term, it

may be denied if there is no space available at that time in the school to which the student wishes to transfer. In such a situation the transfer request will be deferred until the beginning of the next school term, at which time the transfer applicant will be given absolute priority for space.

### B. Recommendation of Compliance Officer re: Majority to Minority Transfer

The Compliance Officer recommended the following in her September recommendation to the Court. (Rec. Doc. No. 599): (1) transfers must be made within the first 4 weeks of school be granted priority; (2) unless extenuating circumstances, no majority-minority transfers should occur after the first 6 weeks of school; (3) students who reside within attendance zone of school shall be the only students with priority over majority minority transferees. (4) school should contract with other entities to provide transportation to designated areas for pick up to attend school out of their attendance zone or provide stipends; (5) parents should request majority to minority transfer annually with appropriate forms; and (6) only the Compliance Officer shall approve or deny all transfer requests.

Defendants opposed Plaintiffs' Motion for Further Relief in Re: Majority to Minority Transfers. Defendants champion the good faith efforts of the Board and summarizes Plaintiffs allegations as being simply about "requiring the Board to provide free transportation to students, provided distance involved meets state law guidelines." (Defendants' Memorandum in Opposition to Plaintiffs' Motion for Further Relief in Re: Majority to Minority Transfers, Rec. Doc. No. 594) Moreover, Defendants purport that

one hundred thirty-seven students have opted to take advantage of said program during the 2007-08 school year alone, demonstrating that the program is being utilized. (Rec. Doc. No. 614).

Louisiana law requires that the school board provide free transportation to students residing more than a mile from school. La. Rev. Stat. § 17:158 (A)(1). However, if the school board must fiscally cut back on this service, it must submit to the State Board:

> A written statement attested to by the chief transportation officer of the school system, the local superintendent of schools, and the presiding officer of the school board that the proposed reduction in or elimination of transportation services to students does not have a disparate impact on any group of students by reason of race, creed, sex, handicap, residence, or school attended, whether public or approved nonpublic, elementary or secondary. La. Rev. Stat. §17.158 (H)(2)(f)

The Court notes that while the 1979 Order mandates the provision of free transportation while giving some deference to state regulations. This deference may be revisted upon a finding that state regulations unreasonably impeded the Federal Court Order for Majority to Minority Transfers.

The plain language of the 1979 Order prescribing free transportation has been blatantly violated for years by circulating applications for Majority to Minority transfers that require parents to provide for transferees. In addition, the

priority given to students living within attendance zones also violates the requirement that transferees be given priority. Therefore, Plaintiffs' Motion for Further Relief Regarding Majority to Minority Transfers is **GRANTED.** In order to comply with the 1979 Court Order, The Recommendation of the Compliance Officer Regarding Majority to Minority Transfer (Rec. Doc. No. 599) is **Adopted In Part**. The Court orders parties to submit a more concrete plan for free transportation than provided for by the Compliance Officer in order to comply with the 1979 Court Order. All parties must submit a Joint Report within **10 days** addressing the provision of free transportation and noting how the 1979 Court Order may be in need of modification in order to provide free transportation for Majority to Minority transferees. In addition, the Court will not permit students living within attendance zones to have priority over Majority to Minority transferees. Such a practice is contrary to the Court order and to the underlying scheme to contravene the effects of past de jure segregation that resulted in a dual school system.

New Orleans, Louisiana, this 26th day of November, 2007.

_____
IVAN L. R. LEMELLE

5

```
                              UNITED STATES DISTRICT COURT JUDGE
```