UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOYCE MARIE MOORE, ET AL.**                     **CIVIL ACTION**

**VERSUS**                                        **NO. 65-15556**

**TANGIPAHOA PARISH SCHOOL BOARD, ET AL.**        **SECTION "B"(1)**

ORDER AND REASONS

**Nature of Motion and Relief Sought**

Plaintiffs asks the Court "to order the defendants, the Tangipahoa Parish School Board [("Board")] and its Superintendent of Schools, Mark Kolwe," as well as "defendants' counsel of record, individual members of the Board (Sandra Bailey-Simmons, Gail Pittman-McDaniel, Eric Dangerfield, Al Link, Ann Smith, Brett Duncan, Andy Anderson, Rose Dominguez, and Chris Cohea), and the School Board's Chief Financial Officer (Bret Schnadelbach)" "to show cause why they should not be held in contempt for their willful, premeditated delay and refusal to comply with the orders of this Court." (Rec. Doc. No. 1140 at 1-2).

For the reasons stated below **IT IS ORDERED** that Plaintiffs' Motion for Contempt and Sanctions is **DENIED.**

**Analysis**

Plaintiffs' Motion asks the Court to hold Defendants in contempt for failing to comply with the Court's August 2, 2011

1

Order - which, in relevant part, ordered Defendants to take "prompt steps to construct three new schools . . ."(Rec. Doc. No. 956). Plaintiffs' Motion lacks merit.

Plaintiffs rely heavily on Defendants' Motion to Modify Desegregation Order: Student Assignment (Rec. Doc. No. 1117) - which Plaintiffs claim was filed as mere "camouflage" to disguise Defendants' attempts to defy the Courts' previous order. (Rec. Doc. No. 1140 at 1). Plaintiffs' claim is disingenuous at best. After Defendants' filed their Motion to Modify, Plaintiffs failed to so much as file an opposition to the Motion. If, as Plaintiffs claim, the Motion was a mere ruse intended to deceive the Court, one would expect that Plaintiffs would have made those arguments at the time. They did not. Instead, it was the Court that determined the Motion should be denied without prejudice, with specific instructions that the parties confer regarding the plan. (Rec. Doc. No. 1131).

Plaintiffs' counsel, in his attempt to convince the Court that the Board is currently acting in defiance of Court orders, further ignores the procedural history surrounding the Motion to Modify. The Court stated clearly in a February 5, 2013 Order that the parties were to meet in an effort to determine if modifications of prior Court orders were required, and could be agreed to. (Rec. Doc. No. 1077). Further, when the Court eventually denied the Motion to Modify, it again admonished both

sides that they must attempt to reach agreement on any modification before submission to the Court. (Rec. Doc. No. 1131). Thus, the Court has not foreclosed that modification may be appropriate - as Plaintiffs' counsel seems to assume - but instead has consistently ordered that the parties seek to amicably resolve any conflicts *before* requesting the Court's involvement. If Plaintiffs continue to oppose modification after conversations with Defendants, the proper forum for raising such objection is in a formal opposition to Defendants' request to modify - not in a motion for contempt. The Court finds no contemptuous or sanctionable conduct by Defendants at this time.

　　Accordingly, and for the reasons enumerated above **IT IS ORDERED** that Plaintiffs' Motion for Contempt and Sanctions is **DENIED.**

　　New Orleans, Louisiana, this 19th day of March, 2014.

_____
UNITED STATES DISTRICT JUDGE