UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOYCE MARIE MOORE, et al                              CIVIL ACTION

VERSUS                                               NO. 65-15556-ILRL-SS

TANGIPAHOA PARISH SCHOOL
BOARD, et al

## REPORT AND RECOMMENDATION

For the reasons described below it is recommended that the motion of the plaintiffs, Joyce Marie Moore, et al, for payment of plaintiffs' attorneys (Rec. doc. 1242) be denied.

## BACKGROUND

On April 13, 2010, the District Judge issued an order in response to plaintiffs' motion for attorneys' fees and costs, and: (1) identified plaintiffs as the prevailing parties in this school desegregation case; (2) determined that $350.00 per hour was the reasonable rate for senior attorneys; and (3) required defendant, Tangipahoa Parish School Board ("School Board"), to pay to plaintiffs' attorneys (Nelson Dan Taylor, James Gray and Gideon Carter) fees and costs in the amount of $874,000 within a reasonable period of time. Rec. doc. 887.

More than four years later on August 17, 2014, plaintiffs filed a motion for attorneys' fees. The attorneys signing on behalf of the movers were Nelson Dan Taylor, James Gray, Gideon Carter, Cassandra Butler and Gail Horne Ray. Plaintiffs sought an order: (1) setting $350.00 per hour as the reasonable rate for plaintiffs' counsel; and (2) establishing a procedure for expeditious payment of fees incurred by plaintiffs in monitoring enforcement of the Court's judgment and post-judgment proceedings. Rec. doc. 1194.

On September 25, 2014, the District Judge: (1) denied the August 17, 2014 motion to the extent it sought reconsideration of prior fee awards; (2) denied the motion to the extent it sought

a process for future attorney fee motions; and (3) directed the parties to the Local Rules relative to contested attorney fee motions. Rec. doc. 1216. The order further provided that:

> [C]ounsel for Plaintiffs may submit periodic billing invoices on a quarterly basis to the Defendants for the payment of reasonable legal fees and costs incurred in the representation of Plaintiffs whenever they prevail on issues, directly or indirectly.

Id. (Emphasis added). The invoices were required to "contain sufficient descriptions of legal services rendered and costs incurred on prevailing issues. . . ." Id. (Emphasis added). The hourly rates were set for attorneys, paralegals and law clerks. "Depending on the complexity of issues and other legal standards, multipliers on fee payments or awards may also be considered." Id. If the parties were unable to agree on the billings, plaintiffs were to proceed by contested motions which would be referred to the Magistrate Judge for disposition. Id.

## PLAINTIFFS' MOTION

On March 17, 2015, Gideon Carter, one of the attorneys for plaintiffs, filed a motion for payment of plaintiffs' attorneys. It was signed by Mr. Carter and Cassandra Butler. Rec. doc. 1242. After very briefly describing their activity in the case, Mr. Carter and Ms. Butler reported that: (1) they submitted itemized invoices to the School Board; (2) it refused to comply with the April 13, 2010 order; (3) the plaintiffs are prevailing parties; (4) the only issues going forward are those incidental to enforcing the Court's judgment; and (5) pursuant to the April 13, 2010 order, the reasonable hourly rate is $350.00 with a multiplier of 3.5. Mr. Carter and Ms. Butler requested an order: (1) requiring the School Board to pay their past due invoices and imposing sanctions; and (2) applying the maximum hourly rate and multiplier to all future billings. Rec. doc. 1242.

Mr. Carter and Ms. Butler make no reference to the September 25, 2014 order (Rec. doc. 1216). The School Board opposes the motion on the grounds that: (1) plaintiffs fail to

acknowledge the September 25, 2014 order; (2) the September 25, 20144 order controls recovery of attorneys' fees; and (3) plaintiffs' motion is insufficient.  For example it does not include copies of the invoices.  Rec. doc. 1245.

Plaintiffs' motion for payment of fees was referred to the assigned Magistrate Judge. Rec. doc. 1246.  Movers were granted until April 21, 2015 to file a reply memorandum.  They did not do so.  Rec. doc. 1247.

Plaintiffs cannot ignore the September 25, 2014 order (Rec. doc. 1216) and rely on the April 13, 2010 order (Rec. doc. 887).  The September 25, 2014 order (Rec. doc. 1216) controls the issue of plaintiffs' fees going forward.

1.  The plaintiffs are limited to services performed after September 25, 2014.

2.  The billing invoices must be for the calendar quarters following September 25, 2014: the quarter ending December 31, 2014; and the quarter ending March 31, 2015.

3.  The services performed and costs incurred must be for prevailing issues.

4.  The billing invoices must contain sufficient descriptions in quarter-hour segments to demonstrate their relationship to the issues on which plaintiffs' prevailed.

5.  The hourly rate for attorneys with ten years or more of legal experience is limited to $250.00 per hour.

6.  The hourly rate for paralegals is limited to $35.00 to $40.00 per hour.

7.  The hourly rate for law clerks is limited to $25.00 to $30.00 per hour.

The September 25, 2014 order contemplates that the parties shall attempt to resolve their differences over post-September 25, 2014 billings.  The parties shall meet-and-confer on the quarterly billing invoices before submitting a contested motion.  The motion shall include a

report regarding the meet-and-confer with a description of any areas on which there was agreement.

If the parties are unable to resolve their difference, the plaintiffs shall submit a motion for an award of attorneys' fees that complies fully with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Court, including L.R. 54.2.

In support of their motion for attorneys' fees, plaintiffs must demonstrate that they are "prevailing parties" on some issue they bring before the court.  This term has been defined in various ways.  However, "a typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 103 S.Ct. 1933 (1983).[1]

Here, the plaintiffs have pointed to no ruling or order that indicates they are prevailing parties.

---

[1] If plaintiffs are prevailing parties on any issue, the Court will first calculate the lodestar.   It is the product of the number of hours reasonably expended on the claims on which plaintiffs prevailed multiplied by the hourly rates provided in the District Judge's September 25, 2014 order (Rec. doc. 1216).

To determine the number of hours reasonably expended on a case, a plaintiff must show that billing judgment was exercised. Walker v. HUD, 99 F.3d 761, 769 (5th Cir.1996). Billing judgment is usually shown by the attorney writing off unproductive, excessive, or redundant hours. Id. We have held that the remedy for failing to exercise billing judgment is to reduce the hours awarded by a percentage. Id. at 770.

**Error! Main Document Only.**Green v. Administrators of Tulane Educational Fund, 284 F.3d 642, 662 (5th Cir. 2002).

"The district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)." These factors are: (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.  The plaintiffs shall state the basis for any multiplier sought.

## RECOMMENDATION

IT IS RECOMMENDED that:

1. The motion for payment of plaintiffs' attorneys (Rec. doc. 1242) be DENIED.

2. The order denying the motion be without prejudice to the right of the plaintiffs to seek an award of attorneys' fees and costs in compliance with the order of September 25, 2014 (Rec. doc. 1216).

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 24th day of April, 2015.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**