UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOYCE MARIE MOORE, ET AL.**                     CIVIL ACTION

**VERSUS**                                        NO. 65-15556

**TANGIPAHOA PARISH SCHOOL BOARD,**               SECTION "B"(1)
**ET AL.**

ORDER

Before the Court is Defendant, Tangipahoa Parish School Board's Motion for Unitary Status: Staff Assignment. (Rec. Doc. No. 1241). The Motion, filed on March 13, 2015, was set for submission on April 8, 2015. Plaintiffs have not filed a response in opposition, and the Motion remains unopposed.

In deciding a motion for unitary status, the ultimate inquiry for the court is "'whether the [constitutional violator] ha[s] complied in good faith with the desegregation decree since it was entered, and whether the vestiges of past discrimination ha[ve] been eliminated to the extent practicable.'" *Freeman v. Pitts,* 503 U.S. 467, 492, 112 S.Ct. 1430, 118 L.Ed.2d 108 (1992). It is well established that defendants bear the burden of proof on their compliance with remedial orders. *See id.* at 494.

In exercising its discretion, the district court must consider the following factors:

1

(1) whether there has been full and satisfactory compliance with the remedial order in those aspects of the system where supervision is to be withdrawn;

(2) whether retention of judicial control is necessary or practicable to achieve compliance with the remedial order in other facets of the school system; and

(3) whether the school district has demonstrated its good faith commitment to the whole of the court's remedial order and to those provisions of law and the constitution that were the predicate for judicial intervention in the first instance.

See id. at 491.

This Court's order provides:

> When vacancies occur for principals, central office administrators, or other supervisory positions which include but are not limited to directors, supervisors, coordinators, principals, assistant principals and administrative assistants, the school system shall hire or appoint a qualified Black person who has submitted an application to fill them to achieve a diversity goal of 40 percent Black and 60 percent white in each category or to achieve the percentage of Black school-site administrators that will approximate the percentage of Black students enrolled in the school system....[1]

> It is well understood by and between the parties that the foregoing hiring procedures are a remedy in accordance with prior court orders concerning hiring,

---

[1] Rec. Doc. No. 866 at 2.

and these procedures shall terminate at such time as the diversity goals outlined above are met.[2]

The current Record seemingly shows that the School Board has materially complied with the orders of this Court and met established desegregation standards. While accompanied at times by partisan grandstanding by a few Board members, the Board as a whole over the past 10 years has progressively worked in good faith to attain the 40-60 diversity goal set forth in Rec. Doc. No. 866 with respect to staff assignments for a three year period in that area.[3] *See Green v. County of School Bd. Of New Kent Cnty.*, 391 U.S. 430, 435-42, 88 S.Ct. 1689, 20 L.Ed. 2d 716 (1968). Accordingly,

**IT IS ORDERED** that the Tangipahoa Parish School Board is **provisionally GRANTED** unitary status relative to staff assignments, **subject to** further compliance review(s) during the next twelve months. Although a district court need not retain

---

[2] Rec. Doc. No. 866 at 3.
[3] Rec. Doc. No. 1241-1 at 8; Rec. Doc. No. 1241-3 at 11-26.

| Year  | Principals | Asst. Princ./Adm. Asst. | Central Office | Totals |
|-------|------------|-------------------------|----------------|--------|
| 12-13 | B 14       | B 18                    | B  3           | B 35   |
|       | 41%        | 39%                     | 21%            | 37%    |
|       | W 20       | W 28                    | W 11           | W 59   |
|       | 59%        | 61%                     | 79%            | 63%    |
| 13-14 | B 15       | B 18                    | B  4           | B 37   |
|       | 44%        | 42%                     | 29%            | 41%    |
|       | W 19       | W 25                    | W 10           | W 54   |
|       | 56%        | 68%                     | 71%            | 58%    |
| 14-15 | B 14       | B 20                    | B  4           | B 38   |
|       | 44%        | 44%                     | 31%            | 42%    |
|       | W 18       | W 25                    | W  9           | W 52   |
|       | 56%        | 56%                     | 69%            | 58%    |

supervision or control over factors as to which compliance has been achieved, it may. *See Freeman*, 503 U.S. at 507. On an appropriate motion, the Court will consider an unconditional grant of such status, if no major compliance issues arise during the applicable review period. *See Ross v. Houston Independent School Dist.,* 699 F.2d 218, 226 (5th Cir. 1983)("district judge...followed the procedure we have required to assure that a determination of unitary status is not prematurely reached"); *see Tasby v. Woolery*, 869 F.Supp. 429, 477-478 (N.D. Tex. July 26, 2008); *see also Reed v. Rhodes*, 1 F.Supp. 2d 705 (N.D. Ohio, Mar. 27, 1998).

**IT IS ORDERED** that the Request for (Evidentiary) Hearing (Rec. Doc. No. 1268) is **DENIED** as moot.

New Orleans, Louisiana, this 19th day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE

4