UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOYCE MARIE MOORE, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                                 **NO. 65-15556**

**TANGIPAHOA PARISH SCHOOL BOARD,**                        **SECTION "B"(1)**
**ET AL.**

### ORDER

This matter is before the Court for resolution of plaintiffs' Objections (Rec. Doc. No. 1252) to the Magistrate's Report and Recommendation that plaintiffs' motion for attorneys' fees be denied, without prejudice. (Rec. Doc. No. 1249). Defendant, Tangipahoa Parish School Board has filed a memorandum in opposition to the objections.[1]

On March 17, 2015 plaintiffs' counsel filed a motion for attorneys' fees.[2] The attorneys signing on behalf of the movers were Nelson D. Taylor, and Cassandra Butler.[3] Mr. Taylor and Ms. Butler contend they have submitted invoices for payment for the itemized time for participation in matters regarding this case pursuant to a prior agreement between the parties and a court order regarding attorneys' fees; however, counsel for the defendants have refused to honor the agreement and order.[4] They have in part represented the prevailing party plaintiffs in

---

[1] Rec. Doc. No. 1261.
[2] Rec. Doc. No. 1242.
[3] Rec. Doc. No. 1242 at 3-4.
[4] Rec. Doc. No. 1242 at 2.

1

these proceedings, and request an order: (1) requiring the School Board to pay their past due invoices and imposing sanctions; and (2) applying the maximum hourly rate and multiplier to all future billings.[5]

On August 17, 2014, plaintiffs' counsel filed a Motion for Attorney Fees (Rec. Doc. No. 1194), which the Court denied, to the extent the motion sought reconsideration of prior fee awards. With regard to future attorney fee motions, this Court instructed:

> Subject to future court approved proposals, **IT IS FURTHER ORDERED** that counsel for Plaintiffs may submit periodic billing invoices on a quarterly basis to the Defendants for the payment of reasonable legal fees and costs incurred in the representation of Plaintiffs **whenever they prevail on issues**, directly or indirectly. The invoices must contain sufficient **descriptions of legal services** rendered and costs incurred on prevailing issues, billable in quarter-hour segments, at an hourly rate of $250.00 applicable for attorneys with ten (10) years of legal experience, $35.00 - $40.00 for paralegals, and $25.00 - 30.00 for law clerks. Depending on the complexity of issues and other legal standards, multipliers on fee payments or awards may also be considered.
>
> **In the event of any unresolved dispute** on a billing issue, Plaintiffs may seek judicial relief in accordance with Local Rules of Court relative to the filing of contested motions.[6]

The Magistrate Judge correctly noted that "the September 25, 2014 order (Rec. doc. 1216) controls the issue of

---

[5] Rec. Doc. No. 1242 at 3.
[6] Rec. Doc. No. 1216 at 1-2 (emphasis added).

plaintiffs' fees going forward."[7] The Magistrate Judge recommended denial of the instant motion for four reasons: (1) the motion failed to report regarding meet-and-confer attempts to resolve disputes over invoices; (2) the motion did not fully comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Court, including L.R. 54.2; and (3) plaintiffs failed to demonstrate, by either pointing to a ruling or order, indicating that they are prevailing parties, thereby entitling them to fees.[8] Upon review of plaintiffs' motion, the Court concludes that it is not in compliance with the process delineated in Rec. Doc. No. 1216.

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED** and the Motion for Attorneys' Fees (Rec. Doc. No. 1242) is **DENIED,** without prejudice to the right of Plaintiffs to file the same, in compliance with this Court's Oder, Rec. Doc. No. 1216. We further note that it appears movants are entitled to fees as prevailing parties on matters asserted.

New Orleans, Louisiana, this 19th day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[7] Rec. Doc. No. 1249 at 3.
[8] Rec. Doc. No. 1249 at 3-4.