```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**JOYCE MARIE MOORE, ET AL.**                         **CIVIL ACTION**

**VERSUS**                                            **NO. 65-15556**

**TANGIPAHOA PARISH SCHOOL BOARD,**                   **SECTION "B"(1)**
**ET AL.**

## ORDER AND REASONS

Before the Court is Tangipahoa Charter School Association's (TCSA) Motion for Stay Pending Appeal. (Rec. Doc. No. 1314). TCSA seeks a stay of the provision of this Court's prior Order which requires TCSA to forfeit the local portion of its 2015-16 Minimum Foundation Program (MFP) funds and permits the Tangipahoa Parish School Board (TPSB) to re-urge such forfeiture annually. TPSB filed a Response Memorandum in Opposition. (Rec. Doc. No. 1318).

**IT IS ORDERED** that the Motion is **DENIED**.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 27, 2015, this Court issued an Order granting TCSA's Motion for Authority to Operate a Charter School in Tangipahoa Parish subject to five conditions. (Rec. Doc. No. 1297). One of those conditions was that TCSA forfeit the 2015-16 "local portion" of MFP funds. (Rec. Doc. No. 1297 at 3). Moreover, the Order gave TPSB the right to re-urge such forfeiture annually. (Rec. Doc. No. 1297 at 3). In support of the condition, this Court relied on *Cleveland v. Union Parish School Board,* 2009 WL 2476562, No. 67-12924, (W.D. La. Aug. 12, 2009), where the United States District

Court for the Western District of Louisiana previously imposed such a condition. It is this forfeiture condition that TCSA contests on appeal and that TCSA seeks to have stayed pending outcome of the appeal.

## II. LAW AND ANALYSIS

To obtain a stay pending appeal, a party must first move for such a stay in the district court. Fed. R. App. P. 8(a). "A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks and citations omitted). Four factors govern: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first two factors are the most critical. *Nken*, 556 U.S. at 434.

### a. Likelihood of Success on the Merits

TCSA presents five arguments to support the contention that it is likely to succeed on the merits: (1) TPSB is not entitled to MFP funds covering students not enrolled in TPSB schools; (2) not

all local MFP funds allocated to TCSA would constitute a loss; (3) that this Court is without authority to disregard the State's MFP formula; (4) this Court has other alternatives to accomplish the same goal without requiring forfeiture of MFP funds; and (5) this Court's reliance on *Cleveland* was misplaced. (Rec. Doc. No. 1314-1 at 3-7. TCSA's arguments boil down to one essential contention: that this Court is not authorized to divert TCSA's MFP funds to TCSB even if this Court believes such diversion is necessary to fulfill the constitutional duty to desegregate schools.

For the movant to succeed on this prong, it is not enough to show that the chance of success on the merits is "better than negligible." *Nken*, 556 U.S. at 434 (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999). Instead, the movant must make a strong showing that success is likely. *Nken*, 556 U.S. at 434. Success in this context means TCSA must convince the Fifth Circuit to reverse this Court's decision regarding the forfeiture of local MFP funds. At the appellate level, this Court's findings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo*. *Moore v. La. Bd. Of Elementary and Secondary Educ.*, 743 F.3d 959, 962 (5th Cir. 2014). Thus, in order to succeed, the movant must make a strong showing that this Court does not have the legal authority to override Louisiana's funding statutes. If movant cannot meet that test, then it can still overcome its burden by making a strong showing this this Court was clearly erroneous

3

in concluding that diversion of funds was necessary to further the desegregation of the Tangipahoa Parish School System (TPSS).

*1. Likelihood of Success in Challenging Conclusions of Law*

School districts are "legally obligated to provide educational opportunities to all children of every race in the elementary and secondary grades residing within" their districts. *Taylor v. Coahoma Cty. Sch. Dist.*, 330 F. Supp. 174, 183 (N.D. Miss. 1970). "Local conditions, separate legal entities, state laws and statutes cannot frustrate the implementation of [such] constitutionally protected rights." *Id*. (citing *United States v. Indianola Mun. Separate Sch. Dist.*, 410 F.2d 626, 630-31 (5th Cir. 1969)). "The remedial power of the federal courts under the Fourteenth Amendment is not limited by state law." *Taylor*, 330 F. Supp. at 183 (citing *Haney v. Cty. Bd. Of Educ. Of Sevier Cty.*, 429 F.2d 364, 368 (8th Cir. 1970). Accordingly, this Court has the power to refuse to implement Louisiana state laws if those laws frustrate desegregation of the Tangipahoa Parish School System.

L<span>a</span>. R<span>ev</span>. S<span>tat</span>. A<span>nn</span>. §17:3955 governs charter school funding. Section 3955 states that Type 2 charter schools such as the one here, Tangi Academy, "shall receive a per pupil amount each year authorized by the state board each year as provided in the approved [MFP] formula. The per pupil amount provided . . . shall be computed annually and shall be equal to the per pupil amount . . . received by the school district in which the student resides

4

from the following sources:" the state-funded per pupil allocation and local revenues. LA. REV. STAT. ANN. §17:3955. Thus, the MFP funding for charter schools has both state and local sources, and this Court has defied the state mandate that charter schools receive funding form both sources by allowing TPSB to retain the local MFP funds allocated to TCSA. However, as referenced above, this Court's remedial power is not limited by state law when state law frustrates constitutionally protected rights.

This Court has the power to defy Louisiana state law regarding MFP funds when it finds that following such laws will prove detrimental to the desegregation effort. Movant's arguments to the contrary lack merit. Moreover, that power is explicitly recognized in *Cleveland*, 2009 WL 2476562, at *4. Though the underlying reason for the reallocation of funds was arguably different, the case demonstrates that federal courts can reallocate MFP funds. *Id*. Accordingly, TCSA has not made the requisite showing that this Court lacks the power to permit TPSB to retain locally-sourced MFP funds. The next issue is whether this Court clearly erred with its factual conclusion that diversion of local MFP funds was necessary to further the desegregation order.

*2. Likelihood of Success in Challenging Findings of Fact*

In assessing the appropriateness of the challenged condition, this Court must consider the impact on the overall school system, including the loss of funding. In the Order granting TCSA's Motion

5

to Operate a Charter School, this Court specifically stated that the required forfeiture was based "upon a finding that TPSB would otherwise be subject to serious financial constraints." (Rec. Doc. No. 1297 at 7). Movants contend that this statement did not suffice to show that diminished funding to TPSB would result in a diminished quality of education, and therefore, this Court's forfeiture condition was erroneous. (Rec. Doc. No. at 7). Aside from the obvious contradiction to its argument regarding irreparable injury,[1] movants overlook the evidence relied upon by the Court.

The Court considered the testimony of Mr. Schnadelbach, the CFO for TPSB, and Ms. Chapman, the CEO of TCSA. Based on those testimonies, the Court found that TPSB's anticipated loss over the next 4 years of over $9,000,000 in funding due to the operation of the charter school would cause significant hardship, including the reduction of magnet services. As TPSB's expenditures would only decrease minimally, the Court determined that the total loss of MFP funds to TCSA was too great of a burden to bear. Nevertheless, the Court did observe that TCSA could not adequately serve its students if it forfeited the entirety of its MFP revenue. Accordingly, the Court partitioned the funds between the two entities.

---

[1] As discussed below, TCSA contends that Tangi Academy students are suffering irreparable harm from a lack of funding, but, for some reason, the movants cannot understand why TPSB's lack of funding could have a detrimental impact.

6

TCSA contends that even if some local MFP funds should remain with TPSB, a blanket forfeiture is inappropriate because not all local MFP funds allocated to TCSA students would constitute a "loss" of TPSB funding. This may be true, as TPSB would not have previously received funding for current TCSA students who do not live in TPSB or those who are entering school for the first time, but such a fact does not affect the Court's ultimate conclusion. This Court concluded that the *total aggregate loss* suffered by TPSB due to the operation of Tangi Academy would inhibit the Board's ability to move toward unitary status. Thus, whether specific local funds would constitute a loss or not is irrelevant.

The Court divvied up the MFP funds by allowing TPSB to retain local MFP funds not because that was the only source of "loss" for TPSB, but because it provided a clear-cut method for partitioning the funds; a method supported by the United States District Court for the Western District of Louisiana in *Cleveland*. Accordingly, TCSA has failed to make a strong showing that this Court clearly erred in its factual finding that TPSB's retention of the local portion of MFP funds is necessary to provide a "[properly-funded] public education free of the vestiges of discrimination." *Cleveland*, 2009 WL at *5. TCSA's arguments do not tend to show a likelihood of success on the merits.

**b. Irreparable Injury**

7

"[S]imply showing some possibility of irreparable injury fails to satisfy the second factor." *Nken*, 556 U.S. at 434-35 (internal quotation marks and citations omitted). Further, "[a]n injury is 'irreparable' only if it cannot be undone through monetary remedies." *Deerfield Med. Ctr., City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). TCSA contends that its forfeiture of MFP funds cannot simply be undone by the recovery of those funds because "[e]ach day that passes without a stay constitutes further irreparable harm to TCSA and the children it educates, [and] no subsequent monetary relief would permit TCSA to provide educational services with the benefit of local MFP funding for those days." (Rec. Doc. No. 1314-1 at 7). However, as TPSB's opposition points out, TCSA moved forward with opening Tangi Academy for the 2015-16 school year knowing of TPSB's requested forfeiture condition. (Rec. Doc. No. 318 at 10).

If the lack of local MFP funds is truly causing irreparable injury to the Tangi Academy students, then TCSA's decision to open the school without those funds was evident of a total disregard for student well-being. This Court does not believe that TCSA would proceed in such a reckless manner, and thus is not persuaded that the lack of funds is causing irreparable injury. Moreover, TCSA's motion fails to identify any concrete harms relating to student instruction or safety that could indicate irreparable injury. For these reasons, the second factor for a stay is not met either.

8

The third and fourth factors essentially boil down to whether the issuance of a stay would negatively affect the TPSB and the public in general. However, as TCSA's Motion fails to demonstrate a likelihood of success on the merits or an irreparable injury—the two most critical factors, this Court need not proceed further.

### III. CONCLUSION

In light of the foregoing,

**IT IS ORDERED** that the Motion is **DENIED** as movants have failed to make the requisite showing for this Court to order a stay pending appeal.

New Orleans, Louisiana, this 10th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE