```
          UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF LOUISIANA
```

**JOYCE MARIE MOORE, ET AL.**                                **CIVIL ACTION**

**VERSUS**                                                    **NO. 65-15556**

**TANGIPAHOA PARISH SCHOOL BOARD,**                           **SECTION "B"(1)**
**ET AL.**

## MEMORANDUM OPINION

### I.   NATURE OF THE MOTION AND RELIEF SOUGHT

Before the Court is a Motion to Fix Court Compliance Officer Compensation (Rec. Doc. No. 1289) filed by Donald C. Massey, The current Court Compliance Officer ("CCO" or "special master"). Massey seeks an order from this Court fixing his compensation at a reasonable hourly rate. Plaintiffs and Tangipahoa Parish School Board ("TPSB") have filed a Joint Memorandum in Opposition.

### II.  FACTUAL BACKGROUND

On August 28, 2014, this Court appointed Donald C. Massey as CCO in this matter, setting his salary at $48,000.00 per year "until further agreement of the parties and Court Compliance Officer or orders of this Court." (Rec. Doc. No. 1204 at 2).

When appointed, Massey agreed to the compensation structure budgeted for the previous CCO, and notified the Tangipahoa Parish School System's ("TPSS") Superintendent, Mark Kolwe, of his desire to review the reasonableness of the fee basis at the end of the year. (Rec. Doc. No. 1289-1 at 1). Towards the end of the school year, Massey, Kolwe, and TPSS's Lead Negotiation and

1

Settlement Counsel, Ashley Sandage, met to discuss a reasonable increase in his fees. (Rec. Doc. No. 1289-1 at 2). After that meeting, Kolwe intimated that $8,000.00 per month might be fair. Massey agreed to accept that amount beginning after July 1, 2015. However, when presented with the proposed $8,000 per month fee, the Tangipahoa Parish School Board ("TPSB") rejected the requested increase. Following that rejection of a fee increase, Massey filed the present motion.

### III. CONTENTIONS OF THE PARTIES

Massey's argument for increased compensation is based on an understanding between himself and Kolwe that occurred at the time he was appointed and/or subsequent to that appointment. He states that the Court should increase the fee basis so that it is commensurate with the "effort he must necessarily expend in order to properly serve the Court as its adjunct." In support, he provides the hours worked on this case per month over the last school year. Massey notes that, because special master compensation varies so significantly, the Court may use its discretion to set an hourly rate. He argues that an hourly rate is more appropriate than a monthly or yearly. (Rec. Doc. No. 1289-1 at 3).

Tangipahoa Parish School Board and Plaintiffs' counsel have filed a Joint Opposition to the present motion. The Parties urge that the Motion should be denied because the CCO's compensation has already been set by the Court, and, in any event, he does not have the authority to file adversarial motions. (Rec. Doc. No. 1032

at 304). In the alternative, if the Court finds that it should consider this Motion, Plaintiffs and TPSB contend that the Court should deny the fee increase for one of the following reasons: (1) an increase in salary will have an adverse financial impact as TPSB is already operating in a deficit; (2) compensation at an hourly rate would create the potential for abuse; (3) that the present salary is commensurate with the CCO's part-time duties; and (4) that many of the activities engaged in by the CCO, which are some of the alleged reasons for increasing his compensation, are wholly outside his duties as articulated by the Court. (Rec. Doc. No. 1302 at 4-13).

**IV.   LAW AND ANALYSIS**

According to Fed. R. Civ. P. 53(g)(1), "the court may set a new basis and terms [for the master's compensation] after giving notice and opportunity to be heard." The fixing of fees and costs for a special master rests within the Court's discretion. *Gary W. v. State of La.*, 601 F.2d 240, 245 (5th Cir. 1979); Fed. R. Civ. P. 53(g)(1).

As an initial matter, the parties' contention that the Court cannot consider the CCO's motion lacks merit for a number of reasons. First, the Court expressly reserved the right to change the CCO's compensation in the order appointing him as CCO. (Rec. Doc. No. 1204 at 1). Moreover, Rule 53 of the Federal Rules of Civil Procedure expressly provides that this Court may set a new basis and terms for CCO compensation. Finally, the parties were

or should have been aware that all work being performed by the CCO is being done at this Court's repeated direction to expeditiously provide assistance in getting this decades old case into a posture that could lead to a unitary status declaration on all issues, and thus final closure for all interested parties' benefit. Accordingly, the Court will consider the CCO's Motion on the merits.

The leading case on how courts should go about setting a special master's compensation is *Newton v. Consolidates Gas Co. of New York*, 259 U.S. 101 (1922). There, the Supreme Court stated:

> The value of a capable master's services cannot be determined with mathematical accuracy, and estimates will vary, of course, according to the standard adopted. He occupies a position of honor, responsibility, and trust; the court looks to him to execute its decrees thoroughly, accurately, impartially, and in full response to the confidence extended; he should be adequately remunerated for actual work done, time employed, and the responsibility assumed. His compensation, should be liberal, but not exorbitant. The rights of those who ultimately pay must be carefully protected; and while salaries prescribed by law for judicial officers performing similar duties are valuable guides, a higher rate of compensation is generally necessary in order to secure ability and experience in an exacting and temporary employment which often seriously interferes with other undertakings.

*Id*. at 105. In the context of school desegregation, the Sixth Circuit has adopted the *Hart* formula to account for the standards laid out in *Newton*. *Reed v. Cleveland Bd. Of Ed.*, 607 F. 2d 737,

4

746 (6th Cir. 1979); *Reed v. Rhodes*, 691 F.2d 266, 268 (6th Cir. 1982). The *Hart* formula derives from a school desegregation case out of the Eastern District of New York: *Hart v. Cmty. Sch. Bd. Of Brooklyn, N.Y. Sch. Dist. No. 21*, 383 F. Supp. 699 (E.D.N.Y. 1974). In *Hart*, the court concluded that "a reasonable fee would be based upon about half that obtainable by private attorneys in commercial matters." *Id*. at 767. Additionally, other courts have emphasized the public nature of such work in setting reasonable fees well below those charged in commercial matters. *See, e.g., United States v. Yonkers Bd. Of Educ.*, 108 F.R.D. 199, 202 (S.D.N.Y. 1985). Accordingly, based on the factors considered in similar cases, this Court should start with a baseline fee of one-half that obtainable by commercial attorneys in the local area, and then increase or decrease that number based on the type of work needing to be completed and the time reasonably needed to accomplish it.

Compensation should reasonably and properly recompense the CCO for his time and experience, taking into account the already documented serious interference such work has on the CCO's other undertakings. The former CCO was observed to have gone beyond the call of duty in repeatedly sacrificing other endeavors in order to tirelessly fulfill her obligations to the Court. She eventually resigned to pursue other endeavors. Similarly, the Court has observed and often stated to parties' counsel that the current CCO not only continues in the same vein but has, with

5

permission of the Court, intensified efforts to achieve unitary status. The Court has always been, and will continue to be, respectful of the need to avoid overburdening the school system, especially during periods of financial hardship.

Within the past six months, courts in this District have found reasonable attorney's fees in the range of $210.00 per hour up to $340.00 per hour. *McIntyre v. Gilmore*, 2015 WL 4129378, No. 15-282, at *2 (E.D. La. July 8, 2015) (finding $250 per hour reasonable for partners in the New Orleans area); *Bollinger Marine Fabricators, LLC v. Marine Travelift, Inc.*, 2015 WL 4937839, No. 14-1743, at *6 (E.D. La. Aug. 18, 2015) (finding from $210 to $300 reasonable for partners); *Receivables Exchange, LLC v. Advanced Tech. Servs, Inc.*, 2015 WL 2372434, No. 14-668, at *5 (E.D. La. May 18, 2015) (finding $340 per hour to be a reasonable fee). Splitting the difference, a reasonable attorney's fee in this region for commercial matters would be $275 per hour. Applying the *Hart* formula then, a reasonable fee for a special master in a school desegregation case like this would be approximately $140 per hour (rounding up from $137.50 for simplicity's sake). Next, the Court must consider the amount and type of work remaining for the special master.

Since his appointment, the special master has expended significant time and effort in resolving and advancing various issues in this long-standing school desegregation case. This past year he and parties reached an Interim Student Assignment Plan; his

work also led to granting TPSS unitary status in the area of administrative and staff assignment, with a one year provisional period. (Rec. Doc. No. 1286 at 4). However, the CCO's work is far from complete. For instance, issues relating to facilities and teacher assignment remain unresolved.

Although TSCB contends the special master's role is declining in this matter, the Court finds that the special master's role will likely grow as work towards full unitary status progresses. Further, the implementation of the Interim Student Assignment Plan will occur throughout the 2015-16 school year, and its progress will be monitored and reviewed by the special master. Thus, an increase in the CCO's compensation in accordance with the parameters of the *Hart* formula outlined above does not appear unreasonable. While this Court has acknowledged TPSB's financial issues, *see* Rec. Doc. No. 1297, the Court does not conclude that TPSB lacks the means to bear a reasonable increase in the special master's rate of compensation.

Based on the *Hart* formula, a reasonable fee would be approximately $140 per hour. Such a figure is wholly reasonable when compared with those found in other special master cases in this District. *See, e.g., In re Educ. Testing Serv. Praxis Principles of Leaning & Teaching: Grades 7-12 Litigation*, 447 F. Supp. 2d 612, 627 (E.D. La. 2006) (finding a $250 per hour fee reasonable). While we have no reason to abandon the monthly compensation structure, there are useful comparatives within the

7

hourly rate context and other factors for instant purposes, as noted earlier. Additionally, parties accurately note that a per-hour fee has potential for more managerial issues than a base salary structure. Thus, the $140 per hour fee should be converted into a monthly and yearly salary based on the hours typically worked by the CCO. The CCO's Motion to Fix Compensation provides a breakdown of the number of hours he has worked per month since taking the position. Based on the information provided, he is averaging approximately 70 hours per month. Working 70 hours per month at a rate of $140 per hour equates to a monthly salary of $9,800—making the initial proposal of $8,000 per month altogether reasonable, especially in light of notable successes achieved thus far and this Court's ongoing call for expeditious results and finality. All parties and the CCO are again charged to act with all deliberate speed together with this Court to those ends.

Accordingly, **IT IS ORDERED** that the Motion to Fix CCO Compensation is **GRANTED** per above factual findings at $8,000.00 per month. The Court will continue to review the CCO's time and performances, reserving the right to make adjustments, including reductions, after considering all interested parties' positions and above-noted factors following due proceedings.

New Orleans, Louisiana, this 8th day of December, 2015.

UNITED STATES DISTRICT JUDGE