**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| M.C. MOORE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 65-15556 |
| TANGIPAHOA PARISH SCHOOL BOARD, ET AL. | SECTION "B"(1) |

## ORDER AND REASONS

Before the Court is the Court Compliance Officer's "Motion for Attorney's Fees for Representation of Court Compliance Officer on Appeal." Rec. Doc. 1477. Defendant timely filed an opposition. Rec. Doc. 1486. For the reasons discussed below,

**IT IS ORDERED** that the motion (Rec. Doc. 1477) is **GRANTED**. The CCO is awarded $17,462.28 for reimbursement of reasonable expenses incurred during appellate litigation, to be paid by Defendant.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The role of the Court Compliance Officer was created and defined by court order. *See* Rec. Docs. 876 at 26-27, 876-4 at 27-31, 703-1 at 1-4, 956 at 4, 1204. The CCO's "job is to monitor and insure that the letter and spirit of the case law and orders of the court are followed regarding school board responsibility to desegregate schools . . . ." Rec. Doc. 703-1. The CCO earns a salary and is "paid in advance or reimbursed" for his "reasonable expenses . . . relative to carrying out [his] duties . . . and relative to the performance of the job . . . ." Rec. Doc. 703-1 at

1

2-3. The CCO also has "the authority to engage appropriate support personnel to assist in the carrying out of his duties and responsibilities . . . ." Rec. Doc. 1204 at 2. Defendant is financially responsible for the CCO's salary and reasonable expenses. Rec. Doc. 703-1 at 2-3.

On July 22, 2015, the CCO moved the Court to establish an hourly rate of compensation for his work. Rec. Doc. 1289. Plaintiffs and Defendant jointly opposed the CCO's motion and argued that the CCO's salary should remain fixed at $4,000.00 per month. Rec. Doc. 1302. On December 8, 2015, after considering the Parties' arguments and the nature of the CCO's work, the Court ordered that the CCO's compensation be increased from $4,000.00 per month to $8,000.00 per month. Rec. Doc. 1326. Defendant sought review in the Fifth Circuit Court of Appeals. Rec. Doc. 1340. The CCO argued that the Fifth Circuit lacked jurisdiction to hear the appeal and that the order increasing his compensation should be affirmed. *See Moore v. Tangipahoa Par. Sch. Bd.*, 843 F.3d 198, 200-03 (5th Cir. 2016). On December 6, 2016, the Fifth Circuit held that it had jurisdiction to hear the appeal and affirmed the increase to the CCO's salary. *See id.*

On August 24, 2017, the CCO moved the Court to award him attorney's fees incurred while litigating the appeal of the Court's decision to increase his compensation. Rec. Doc. 1477. Defendant timely filed its opposition, arguing that (1) the Court's orders

2

creating the CCO position do not entitle the CCO to an award of attorney's fees, (2) the CCO's motion for attorney's fees is untimely, (3) awarding attorney's fees would alter the Fifth Circuit's mandate, and (4) the CCO's motion is substantively deficient. Rec Doc. 1486.

**LAW AND ANALYSIS**

The CCO's motion seeks reimbursement for the attorney's fees he incurred while litigating the appeal of the Court's decision to increase his salary. Rec. Doc. 1477. But the CCO's motion does not indicate whether he seeks an award of attorney's fees as such, or whether he seeks reimbursement for reasonable expenses that just happen to be attorney's fees. The Court will address each argument in turn.

**A.   THE CCO HAS WAIVED ANY CLAIM TO ATTORNEY'S FEES UNDER FEDERAL RULE OF CIVIL PROCEDURE 54**

"Unless a statute or court order provides otherwise, [a] motion [for attorney's fees] must . . . be filed no later than 14 days after the entry of judgment . . . ." Fed. R. Civ. P. 54(d)(2)(B). The CCO did not file the instant motion within the 14-day deadline. While excusable neglect can save an otherwise untimely motion for attorney's fees, *see* Fed. R. Civ. P. 6(b), the CCO does not advance that argument here.[1] The CCO has therefore

---

[1] A court determines whether excusable neglect is present by weighing a series of factors, which include "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the

3

waived his claim to attorney's fees under Federal Rule of Civil Procedure 54. *See United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764-66 (5th Cir. 1996).

### B. THE COURT'S ORDERS ENTITLE THE CCO TO REIMBURSEMENT OF ATTORNEY'S FEES FOR LITIGATING THE APPEAL

The CCO is tasked with "ensur[ing] compliance with the orders of the court" and can seek reimbursement from Defendant for "reasonable expenses . . . relative to carrying out [his] duties . . . and relative to the performance of the job . . . ." Rec. Doc. 703-1 at 1-4. The CCO's job description was subsequently modified to allow the CCO to "engage appropriate support personnel." Rec. Doc. 1204 at 2. Therefore, the CCO's request for attorney's fees is viable if (1) litigating the appeal was part of his duties, (2) the appellate attorneys retained by the CCO were "appropriate support personnel," and (3) the fees charged are reasonable. *See* Rec. Doc. 703-1 at 1-4, 1204 at 2.

Litigating the appeal was part of the CCO's duties because he acted in defense of a Court order. The CCO's role is sufficiently expansive to seek reimbursement for retaining appellate counsel because he has "wide latitude in making determinations about his duties and responsibilities." Rec. Doc. 1477-1 at 4-5. "The duties and responsibilities outline[d][in the various orders defining the CCO role] are intended to be a guideline and do not limit the

---

movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

4

rights of the compliance officer to ensure that the orders of the [C]ourt are enforced." Rec. Doc. 703-1 at 1.

As the Court observed when resetting the CCO's compensation in 2015, the CCO plays an integral role in the "intensified efforts to achieve unitary status." Rec. Doc. 1326 at 5-6. The role imposes serious obligations on the person who serves as the CCO and prevents them from pursuing other remunerative activities. *See id.* Adequate compensation attracts and retains qualified individuals to the position and meaningfully aids the Court and the parties in the ongoing "work towards full unitary status." *Id.* Therefore, the CCO's defense of the Court order on appeal was part of his job duties. The CCO is entitled to reimbursement of reasonable expenses associated with the appeal.

Turning to the second question in this analysis, the parties agree that "the [CCO] shall be responsible for, and have the authority to engage appropriate support personnel to assist in the carrying out of his duties and responsibilities . . . ." Rec. Doc. 1204 at 2. Defendant also acknowledges that a special master can retain attorneys to assist in his court-ordered tasks. *See* Rec. Doc. 1486 at 5 n. 24 (citing *Reed v. Cleveland Bd. of Educ.*, 607 F.2d 737, 746 (6th Cir. 1979)); *see also Jackson v. Nassau Cty. Bd. Of Supervisors*, 157 F.R.D. 612, 621-22 (E.D.N.Y. 1994). But Defendant maintains that the CCO's attorneys are not "support personnel" for purposes of reimbursing the CCO's expenses because

they "act[ed] in a representative legal capacity." Rec. Doc. 1486 at 6.

However, as discussed above, the CCO has a broad dictate to enforce the Court's orders, which includes the Court's order that the CCO's salary be increased to $8,000.00 per month. In this case, enforcement required litigation in the Fifth Circuit Court of Appeals and the CCO retained the necessary support personnel to carry out his obligations. Moreover, the two cases cited by Defendant—*Billieson v. City of New Orleans*[2] and *Hough v. Hough*[3]—miss the mark. Both cases turned on the question of whether statutes that authorized payment of "compensation" to special masters also authorized awards of attorney's fees. *See Billieson*, 224 So. 3d at 1096-99; *Hough*, 92 P.3d 702-03. But that is not the issue here. The fees sought by the CCO are not compensation, rather they are "reimbursement" for "reasonable expenses" incurred after "engag[ing] appropriate support personnel." *See* Rec. Docs. 703-1 at 1-4, 1204 at 2. Such reimbursement is authorized by prior Court order, not by statute. *See* Rec. Docs. 703-1 at 1-4, 1204 at 2.

Having resolved the first two questions about whether the CCO is entitled to reimbursement for the reasonable cost of retaining appellate counsel, the final question is whether the reimbursement sought is reasonable. Even though this is not a motion for

---

[2] 2016-1143 (La. App. 4 Cir. 8/2/17); 224 So. 3d 1091.
[3] 2004 OK 45, 92 P.3d 695.

6

attorney's fees per se, the Fifth Circuit's framework for awarding attorney's fees provides valuable guidance for deciding whether the CCO's expenses are reasonable. In the Fifth Circuit, courts "first calculate the lodestar," and then decide whether to "enhance or decrease it based on the twelve *Johnson* factors."[4] *Combs v. City of Huntington*, 829 F.3d 388, 391-92 (5th Cir. 2016). The lodestar, which "is presumed reasonable," "is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* at 392. "In calculating the lodestar, the court should exclude all time that is excessive, duplicative, or inadequately documented." *Id.* (internal quotation marks and alternations omitted).

The CCO incurred $23,382.00 in legal fees and $74.28 in costs for 125 hours of legal work. Rec. Doc. 1477-3 at 4. But the CCO's attorneys have written off 3.5 hours of legal work that were billed at $400.00 per hour, leaving $21,982.00 in legal fees and $74.28 in costs for which the CCO seeks reimbursement.[5] *Id.* These

---

[4] The twelve *Johnson* factors are: (1) "[t]he time and labor required;" (2) "[t]he novelty and difficulty of questions;" (3) "[t]he skill requisite to perform the legal service properly;" (4) "[t]he preclusion of other employment by the attorney due to acceptance of the case;" (5) [t]he customary fee;" (6) "[w]hether the fee is fixed or contingent;" (7) "[t]ime limitations imposed by the client or the circumstances;" (8) "[t]he amount involved and the results obtained;" (9) "[t]he experience, reputation, and ability of the attorneys;" (10) "[t]he undesirability of the case;" (11) "[t]he nature and length of the professional relationship with the client;" and (12) "[a]wards in similar cases." *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).
[5] The Fifth Circuit Court of Appeals awarded costs on appeal to the CCO. *See* Rec. Doc. 1448 at 2.

remaining 121.5 hours of legal work are attributed to Jeff Pastorek, who billed at $195.00 per hour, and Cory Grant, who billed at $170.00 per hour. *Id.* The blended hourly rate was $180.00 per hour.[6]

Defendant does not object to the reasonableness of the rates charged by Pastorek and Grant.[7] *See* Rec. Doc. 1486 at 16-17. Moreover, the blended rate of $180.00 per hour is 35 percent lower than the $275.00 per hour that the Court found to be "a reasonable attorney's fee in this region for commercial matters . . ." when the Court reset the CCO's compensation two years ago. Rec. Doc. 1326 at 6. Therefore, the rates charged by the CCO's attorneys are reasonable. *See, e.g.*, *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568-69 (5th Cir. 2006). The question then becomes whether the CCO seeks reimbursement for a reasonable number of hours.

Defendant argues that it is unreasonable to reimburse the CCO for hours spent on a jurisdictional issue that the CCO ultimately lost on appeal, on clerical matters, and on a related appellate matter about the appointment of a Chief Desegregation Implementation Officer. *See* Rec. Doc. 1486 at 17-24. Defendant also faults the lack of detail in the CCO's billing documentation. *See id.* Defendant's arguments against reimbursing the CCO for

---

[6] The invoice indicates that 69.2 hours were billed at $170.00 per hour and 52.4 hours were billed at $190.00 per hour. Rec. Doc. 1477-3 at 4.
[7] Defendant objects to the attorney who billed at a rate of $400.00 per hour, but those hours were written off. *See* Rec. Docs. 1477-3 at 4, 1486 at 16-17.

clerical work and aiding the CDIO appeal are well taken. The CCO does not represent either side in the underlying dispute (*see* Rec. Doc. 703-1) and clerical tasks should not be billed at an attorney's rate (*see Johnson*, 488 F.2d at 717).

Defendant's most substantive objection relates to reimbursement for hours spent litigating the jurisdictional issue. *See* Rec. Doc. 1486 at 17-20. A prevailing party's success is an important factor when calculating awards of attorney's fees and if a litigant "has achieved only partial or limited success, the . . . [lodestar] may be an excessive" award. *Hensley v. Eckerhart*, 461 U.S. 424, 434-37 (1983). Reducing an award for partial success is an "equitable judgment" that requires the Court to exercise "discretion," *id.* at 437, but "[t]he court may not use a mathematical approach comparing the total number of issues in the case with those actually prevailed upon," *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 679 (5th Cir. 2015).

Here, the CCO prevailed on the central issue of the appeal when the Fifth Circuit affirmed the order regarding the CCO's salary. That being said, the CCO spent at least 33.8 hours on the jurisdictional issue that he lost.[8] Rec. Doc. 1486 at 18-19. Taking

---

[8] Defendant argues that, based on the length of the jurisdictional argument relative to the total length of the appellee brief, the CCO also may have spent an additional 21.9 hours on the losing jurisdictional argument. *See* Rec. Doc. 19-20. But this suggestion likely overstates the amount of time spent on the jurisdictional argument when drafting the appellee brief because the CCO had already researched the issue and drafted arguments when preparing the motion to dismiss. *See* Appellee's Motion to Dismiss Appeal for Lack of Jurisdiction, *Moore v. Tangipahoa Par. Sch. Bd.*, 843 F.3d 198 (5th Cir. 2016) (No. 16-30025).

into account the number of hours billed for the jurisdictional issue, as well as the relatively greater significance of the Fifth Circuit's ultimate affirmance of the CCO's compensation, the Court finds that the reasonable number of hours used for the lodestar should be reduced. Accordingly, the reimbursable hours shall be reduced by 25 hours, or approximately 20 percent, to 96.6 hours. The Court therefore finds that the lodestar is $17,388.00, which is based on 96.6 hours billed at $180.00 per hour.

Considering the lodestar, which is presumptively reasonable, and the *Johnson* factors, the Court sees no reason to depart from the lodestar. *See Combs*, 829 F.3d at 391-92. With respect to the first, second, and third *Johnson* factors, the appeal led the CCO to retain appellate counsel, but was not particularly complex or burdensome litigation, as indicated by the fact that the Fifth Circuit decided the issue without oral argument. *See* Rec. Docs. 1477-1 at 4, 1448 at 1. The Court already addressed the fifth, sixth, eighth, and ninth factors when calculating the lodestar by assessing the reasonableness of the billing rates and reducing the reimbursable hours to reflect litigation of the jurisdictional issue. *See Jason D.W. by Douglas W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 208-09 (5th Cir. 1998) (explaining that *Johnson* factors should not be double counted). Considering the remaining factors (four, seven, and ten through twelve), there is no indication that the appeal at issue here was out of the ordinary,

further militating against departure from the lodestar. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 331 (5th Cir. 1995) (explaining that some *Johnson* factors will be more relevant than others in any given attorney's fee analysis). Therefore, the CCO is entitled to reimbursement of reasonable expenses in the amount of $17,462.28, which represents $17,388.00 in legal fees and $74.28 in costs.[9]

New Orleans, Louisiana, this 19th day of December, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[9] Defendant also argued that an award of attorney's fees would be inappropriate because it would alter the Fifth Circuit's mandate, which only spoke to costs. Rec. Doc. 1486 at 12. Defendant's argument fails because the CCO seeks reimbursement for reasonable expenses, not under an attorney's fee statutory or contractual provision. Also, district courts can decide questions of attorney's fees for issues litigated on appeal. *See, e.g.*, *Shimman v. Int'l Union of Operating Eng'rs*, 719 F.2d 879, 880-81 (5th Cir. 1983).