# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| M.C. MOORE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 65-15556 |
| TANGIPAHOA PARISH SCHOOL BOARD, ET AL. | SECTION "B"(1) |

### ORDER

Considering "Plaintiffs' Objection to Court Compliance Officer's Recommendation in re Director of Transportation Position" (Rec. Doc. 1500) and "Plaintiffs' Motion for Evidentiary Hearing and Further Relief" (Rec. Doc. 1501),

**IT IS ORDERED** that Plaintiffs' objection (Rec. Doc. 1500) is **OVERRULED;** and the Court Compliance Officer's (CCO) findings are **AFFIRMED.** A district court reviews a special master's conclusions of law de novo. *See* Fed. R. Civ. P. 53(f)(4). Here, the CCO concluded that Kim Notariano lacked standing to bring a complaint under the court orders regarding staff hiring. *See* Rec. Doc. 1500- 1 at 2 (referring to Rec. Doc. 866). The CCO relied on an earlier Fifth Circuit decision in this case, which held that non-parties lack standing to challenge "arbitrary or politically-inspired employment decisions" because such challenges "in no way implicate[] the same constitutional guarantees which require the establishment and maintenance of a racially-neutral, unitary school system," *Moore v. Tangipahoa Par. Sch. Bd.*, 625 F.2d 33, 35 (5th Cir. 1980). *See* Rec. Doc. 1500-1 at 2. The CCO's conclusion was correct because Mrs. Notariano's

complaint alleges that the school board is retaliating against her for past complaints and discriminating on the basis of gender. *See* Rec. Doc. 1500-2 at 4-5.

Such allegations do not create standing in the above-captioned matter because they do not involve the constitutional interests addressed by the Court's staff hiring orders. *See Moore*, 625 F.2d at 35; Rec. Doc. 866.

**IT IS FURTHER ORDERED** that the motion for an evidentiary hearing (Rec. Doc. 1501) is **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 9th day of January, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE