**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| M.C. MOORE, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 65-15556 |
| TANGIPAHOA PARISH SCHOOL BOARD, ET AL. | SECTION "B"(1) |

<u>**ORDER AND REASONS**</u>

Before the Court is the Tangipahoa Parish School Board's "Motion for Reconsideration of Staff Order." Rec. Doc. 1476. Plaintiffs filed an opposition. Rec. Doc. 1489. For the reasons discussed below,

**IT IS ORDERED** that the motion (Rec. Doc. 1476) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court Compliance Officer (CCO) file into the record his updated findings and recommendations on the use of interim hiring by **March 31, 2018.**

<u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

This motion to reconsider is part of a long-running school desegregation case, the facts of which have been discussed at length in the underlying Opinion. *See* Rec. Doc. 1471. To recap the most relevant history, the Board is under a desegregation consent decree with respect to, *inter alia*, staff assignment. *See* Rec. Docs. 866; 876 at 19. In 2015, the Court provisionally granted unitary status in the area of staff assignment, subject to a year-long compliance review period. *See* Rec. Doc. 1278. The Board's motion (Rec. Doc. 1410) for full unitary status in the area of

staff assignment was dismissed without prejudice for lack of a sufficient record on which to assess the Board's compliance. *See* Rec. Docs. 1419; 1425.

The Board subsequently reurged its motion for full unitary status in the area of staff assignment. *See* Rec. Doc. 1450. Though Plaintiffs did not file an opposition, they did file related objections to a recommendation by the CCO (Rec. Doc. 1463) and the Board's use of interim hiring (Rec. Doc. 1464). The Board opposed both. Rec. Docs. 1465; 1466. In July 2017, the Court dismissed without prejudice the Board's motion for unitary status in the area of staff assignment to allow time for development of a record about the Board's ongoing use of interim hiring. *See* Rec. Doc. 1471. In response, the Board filed the instant motion for reconsideration. Rec. Doc. 1476. The CCO then filed his annual report for the 2016-2017 school year, which documented his preliminary findings on the Board's use of interim hiring. Rec. Doc. 1484.

**LAW AND ANALYSIS**

The Board seeks reconsideration under Federal Rule of Civil Procedure 59(e). *See* Rec. Doc. 1476-1 at 6-7. "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "A Rule 59(e) motion . . . is not the proper vehicle for rehashing

evidence, legal theories, or arguments that could have been offered or raised before" the order was issued.[1] *Id.* at 478-79. As a result, the "extraordinary remedy" available under Rule 59(e) "should be used sparingly." *Id.* at 479.

First, the Board argues that the C.S. grievance was not a major compliance issue because the Board did not know C.S. was qualified for the position, especially given that the Louisiana Department of Education's (LDOE) review of the certification was not ministerial. *See* Rec. Doc. 1476-1 at 8-13. While the Board reiterates its argument that it was unaware that C.S. was eligible for the requisite certification, the Board does not address the concern that others held school leadership and administrative positions without similar qualifications. *See* Rec. Doc. 1471 at 10. Furthermore, the Board's argument that the LDOE's review was not ministerial is unpersuasive. The Board does not establish that the LDOE examination was discretionary, only that the LDOE requested verification of C.S. having completed the required trainings. Checking requirements off a list of prerequisites is not a discretionary task; as the LDOE ultimately concluded, C.S. was entitled to the certification because she had completed all of the required prerequisites. Ultimately, the Board's arguments with

---

[1] The Board's motion is properly analyzed under Federal Rule of Civil Procedure 59(e) because it was filed within twenty-eight days after the motion for unitary status in the area of staff assignment was dismissed without prejudice. *See Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003).

3

respect to the C.S. grievance largely rehash issues raised and addressed when the motion was originally decided, which does not warrant granting reconsideration.

Second, the Board argues that complaints about the use of interim hiring did not arise during the relevant review period. *See* Rec. Doc. 1476-1 at 13-14. But that argument was already raised and addressed. *See* Rec. Doc. 1471 at 4 n.3. As explained previously, Plaintiffs' untimely filings were considered given their effect on the motion for unitary status, taking into account a district court's continuing obligation during the final phases of a desegregation case to thoroughly evaluate compliance with the desegregation order. *See id.* (citing *Freeman v. Pitts*, 503 U.S. 467, 492 (1992)). And while the Opinion requested additional information about interim hiring at Hammond High School, it was more focused on the Board's broader use of interim hiring throughout the district. *See* Rec. Doc. 1471 at 24-25.

Moreover, the CCO's annual report for the 2016-2017 school year confirms that this broader use of interim hiring should be addressed before again examining the question of unitary status in the area of staff hiring. *See* Rec. Doc. 1484 at 22-34. Based on filings submitted by the parties and his own investigation, the CCO reports that the Board "appears to have adopted a broad and free ranging view of when it may use [interim hiring] that is not contemplated or sanctioned by" the order governing staff hiring.

4

Rec. Doc. 1484 at 23 (referring to Rec. Doc. 866). The CCO further notes that the Board "seems ambivalent, if not disinclined, to offer any before the fact notice or indication of its intention not to follow [the staff hiring order] . . . , much less define any compelling need why circumventing [the staff hiring order] provisions would be appropriate." *Id.* at 23-24 (referring to Rec. Doc. 866). The CCO is "actively engaged in investigating these issues further" and has committed to "report[ing] any additional findings . . . , as appropriate." *Id.* at 31.

New Orleans, Louisiana, this 18th day of January, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE