IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOYCE MARIE MOORE, ET AL.<br>    Plaintiffs, | CIVIL ACTION NO.: 65-15556 |
| VERSE | SECTION "B" (1) |
| TANGIPAHOA PARISH SCHOOL BOARD,<br>    Defendant. | JUDGE: IVAN L. R. LEMELLE |

**JOINT MOTION FOR ENTRY OF ORDER DECLARING
TANGIPAHOA PARISH SCHOOL SYSTEM UNITARY
AND ACKNOWLEDGEMENT OF FINAL AGREEMENT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs Joyce Marie Moore and Others and Defendant Tangipahoa Parish School Board who jointly move the court for the entry of the attached order declaring the Tangipahoa Parish School System unitary, dissolving all outstanding injunctions and withdrawing all outstanding orders herein with the exceptions of orders of the court contained in Record Doc. Nos. 1572 and 1573.  Such jointly petitioned relief shall be subject to the provisions of the Final Agreement which is attached hereto.

I.

Pursuant to the Court's order (Doc. No. 1229) plaintiffs' settlement counsel and defendant's settlement counsel (Doc. No. 1229) are authorized to join in the filing of the instant motion and the entering into the attached Final Agreement on behalf of their respective clients.

II.

It is the position of plaintiffs' settlement counsel that he is settlement counsel not only for the named plaintiffs but, also, for all similarly situated persons.  It is further plaintiffs' settlement counsel's position that he has an obligation to all such similarly situated persons and that such obligation is independent of and paramount over his obligation to the named plaintiffs.  As an

officer of the Court plaintiffs' counsel in conformance with his ethical duties is obligated to undertake actions which assure the protection of all similarly situated persons' interests.[1]  This flows from the fact that the injunctions and orders entered herein by the Court over the course of this litigation have benefitted not only the named plaintiffs but, also, all persons similarly situated with them.  Accordingly, although this lawsuit has not proceeded as a class action, its injunctions and orders have had the effect of providing class type relief.

It is, therefore, plaintiffs' settlement counsel's position that he is authorized to enter into this joint motion and the attached Final Agreement on behalf of named plaintiffs and all similarly situated persons.

### III.

Defendant's settlement counsel is authorized to enter into this joint motion and the attached Final Agreement on behalf of her clients pursuant to a duly adopted resolution of the Tangipahoa Parish School Board.

### IV.

Under the Final Agreement it is the intent of the parties, as represented herein by counsel, that the Tangipahoa Parish School System be declared unitary in all of the facets of its operations and, accordingly, that all outstanding injunctions be dissolved and all outstanding orders be withdrawn by the Court subject only to the provisions provided for in section IX of this joint motion and the related provisions of the Final Agreement.

---

[1] See *Parker v. Anderson,* 667 F.2d 1204 (5th Cir. 1982) wherein the court approved settlement of a class action settlement "granted over the objection of all but one of the eleven named plaintiffs as well as over the objections of a number of class plaintiffs"[.]  667 F.2d at 1207.

V.

The Final Agreement will remain in effect for a period of three school years commencing with the second semester of the 2019-2020 school year to allow implementation of the Final Agreement. The Final Agreement provides during this period of time defendant shall continue such policies and practices provided for in the Final Agreement important to a demonstration that defendant can operate its school system consistent with the Fourteenth Amendment and show the same to those on whose behalf this lawsuit was instituted in the first instance.[2]

VI.

Pursuant to the Final Agreement, upon its conclusion there shall be held a fairness hearing at which a showing shall be made that substantial compliance with its terms and provisions has been achieved. Upon such a successful showing this lawsuit shall be dismissed with prejudice as to the terms and provisions of the Final Agreement or as to any of its terms and provisions for which such showing is made. In absence of a showing of substantial compliance with any of its terms and provisions, plaintiffs may seek additional relief limited to such terms and provisions.

VII.

Counsel for the parties are highly experienced in the area of school desegregation litigation and intimately familiar with federal court jurisprudence in the area of school desegregation. Their judgment that the settlement contained in the Final Agreement is fair as to all parties is entitled to considerable weight. The parties and their counsel have had an unusually extensive opportunity to assess their litigation risks in this matter, which has been pending for in

---

[2] See, *Youngblood v. Bd. of Pub. Sch. Instruction of Bay City, Florida,* 448 F.2d 770 (5th Cir. 1971).

excess of 54 years. The parties' agreement reflects the advanced stage of this lawsuit, as well as the reality that defendant has made progress in recent years and especially in past months and has previously attained unitary status in certain areas and provisional status in others. It also reflects that upon Court approval of the Final Agreement the defendant will be made to demonstrate to those on whose behalf this lawsuit was filed and the public at large its ability to operate a unitary system and to evidence its good faith in so doing especially with respect to the actions of the members of the school board and the school systemwide administrators. The parties agree that good faith implementation of the Final Agreement is paramount and that failure to act in good faith would evidence noncompliance with the Final Agreement.

Thus, consideration of these factors weighs in favor of the Final Agreement attached to this joint motion. There would be substantial risks and uncertainties for all parties if the case proceeded as adversary litigation about defendant's entitlement to a finding of unitary status and dismissal of this lawsuit or the plaintiffs' request for additional relief. Furthermore, contested litigation would consume resources better directed toward improvement of educational programs as opposed to attorneys' fee and costs.

The Final Agreement is not the result of fraud or collusion between the parties. While the Court did not request that counsel explore the possibility of reaching a settlement, no evidence can be presented to indicate that the agreement is anything other than the result of arms-length negotiation between the parties and their counsel.

The parties have suggested that the provisions of the Final Agreement, including its term of three school years, are appropriate concluding steps in remedying the constitutional violation that necessitated this litigation. Accordingly, the Final Agreement is necessarily predicated

upon, and requires, defendant's good faith compliance with the terms and provisions of the Final Agreement and plaintiffs' good faith in evaluating defendant's implementation.

Accordingly, the primary aim of the Final Agreement is to effectuate the goal of constitutional compliance and to restore control of the school system to local officials, constrained only by the terms of their voluntary agreement.

It is submitted that the Court acknowledges that the Final Agreement, taken as a whole, fairly and adequately protects the interests of plaintiffs and all persons similarly situated and comports with the requirements of the Fourteenth Amendment. The settlement is clearly the product of compromise on both sides. The parties' resolution of the matters covered within the agreement has been many years in the making and sets a positive tone for the Tangipahoa Parish School System in the future.

## VIII.

For all the foregoing reasons, the Court should acknowledge the Final Agreement as the parties' settlement of this case and vacate all pending injunctions and orders related thereto, subject to the obligation upon termination of the Final Agreement to move for a fairness hearing as described hereinabove.

## IX.

Pursuant to the Final Agreement, defendant's settlement counsel shall provide such reports to the court by submission to the Court Compliance Officer at the times provided for in the Final Agreement. Defendant's settlement counsel shall concurrently provide a copy of such reports to plaintiffs' settlement counsel. It is the desire of the parties that their respective

settlement counsel shall represent their interests with respect to all matters pertaining to the Final Agreement.

X.

The Final Agreement is attached to this joint motion.

WHEREFORE, the parties respectfully move that the Court enter the concurrently filed Order.

>Respectfully submitted,
>
>*/s/ Ashley E. Bass*
>_____
>Ashley E. Bass (LA Bar Roll#24364)
>Cashe Coudrain & Bass
>P. O. Drawer 1509
>Hammond, LA 70404-1509
>Telephone: (985) 542-6848
>E-mail: aeb@ccbattorneys.com
>Attorney for Tangipahoa Parish School Board
>
>
>*/s/ Gideon T. Carter, III*_____
>Gideon T. Carter, III (LA Bar Roll # 14136)
>4962 Florida Blvd. FL-4
>Baton Rouge LA 70806-4031
>Telephone: (225) 214-1546
>E-mail: gideontcarter3d@gmail.com
>Attorney for Plaintiffs