UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOYCE MARIE MOORE, ET AL.**             **CIVIL ACTION**

**VERSUS**             **NO. 65-15556**

**TANGIPAHOA PARISH SCHOOL BOARD, ET AL**             **SECTION: "B"(1)**

### ORDER AND REASONS

Litigation counsel for plaintiffs moves for entry of finding of fact and conclusions of law pursuant to FRCP 52(1) and for new trial, reconsideration and/or amendment of opinion. See Rec. Docs. 1665 and 1669. Opposing counsel filed a response. Rec. Doc. 1672.

For the following reasons, **IT IS ORDERED** that the instant motions are **DISMISSED**.

The Rule 52(1) motion specifically expresses "concern" and "confusion" with the court's approval of defendant's facilities improvement plans and seeks, in relief, the facts and law showing how defendant's facilities plan would benefit unitary status. Rec. Doc. 1665.

We respectfully invite movant to re-read the Court opinions relative to facilities in conjunction with each other. See Rec. Docs. 1654, 1660, 1661, inclusive of references therein to other supporting record documents. In fifty-three pages, inclusive of an attachment, the subject opinion recites the factual and legal support that movant seeks, in extensive detail.

The motion for new trial eloquently, accurately, and succinctly gives historical examples of "the depth of hostility and depravity against the descendants of slaves" who sought fundamental

1

constitutional rights and protections as pronounced in cases like *Brown v. Board of Education*, 347 U.S. 463 (1954).  We are poignantly mindful of that history and more.  It is also part of ours.

However, the federal rules and precedent interpreting motions for new trial require more than eloquence.  New facts and/or law must be shown to exist that were not heretofore known; or, a credible showing must be made to establish a miscarriage of justice.  The burden to show substantial reason for granting a new trial is high.

Movant here does not base the new trial motion on newly discovered evidence.  Therefore, movant "must clearly establish a manifest error of law or fact." *Interstate Fire & Cas. Co. v. Catholic Diocese of El Paso*, 622 F. App'x 418, 420 (5th Cir. 2015) (internal quotation marks and citations omitted). "Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks and citations omitted). Consequently, "[a] Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001). The grant of such a motion is an "extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Emps. Union of Lake Charles, No. 1060 v. Coca–Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004) (citation omitted). A district court has considerable discretion to grant or deny a Rule 59(e) motion. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1990).

The motion before us does not reach the high standards for granting a new trial. The opinions at issue considered in depth as we do again the facts and law cited by all parties, especially those submitted and argued by movant here. We have again considered the voluminous records maintained on this case by the district and circuit courts. After due considerations, we find the absence of a clearly established or convincing showing of a manifest error of law or fact. Therefore, the motion fails.

New Orleans, Louisiana this 10th day of June, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE