UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOYCE MARIE MOORE, ET AL.**          **CIVIL ACTION**

**VERSUS**                              **NUMBER: 65-15556**

**TANGIPAHOA PARISH SCHOOL BOARD,**     **SECTION: "B"(1)**
**ET AL**

## ORDER & REASONS

For the following reasons, **IT IS ORDERED** that plaintiffs' "motion for show cause evidentiary hearing in re office of equity" is **DENIED** (Rec. Doc. 1675).

Interestingly, movant's counsel seeks court intervention to force adoption of the Chief Equity Officer's (CEO) proposed plans for operating his office, including staff expansion and services. The plans were never previously submitted to this court but were directly circulated to the Superintendent of Tangipahoa Parish School System ("TPSS") and others, including movant. See Rec. Doc. 1675-3 thru 15. In conclusory fashion, counsel accuses the Superintendent's alleged refusal to consider the plans as somehow indicative of an effort on her part that has "vetoed establishment of the Office of Equity ordered by the court." In response, TPSS cites to the CEO's participation in development of the New District Strategic Three Year Plan and A District Equity Plan that included input from stakeholders and third party vendors, e.g. parents, students, employees, community members and vendor DRP. See Rec. Doc. 1679, pp. 2, 3, 7 and 1679-2 thru 5. That response also references several meetings the Superintendent had concerning the CEO's plan with the CEO, CCO Massey, and lead settlement attorneys. Conclusions to the contrary are not convincing.

Like other parts of the newly modified plan for achieving unitary status in remaining areas, the development of the new Office of Equity will be a work-in-progress involving the CEO as senior equity officer under the direct supervision of the Superintendent. The CEO is a senior part of her leadership team and other committees, with the authority to monitor and implement duties as assigned and approved by the Superintendent within the scope of applicable court orders. E.g., Rec. Doc. 1661. As part of that progression towards a more equitable system, TPSS's review of the CEO's current operations is a helpful starting point, but not necessarily a limiting end-all analysis of same. See Rec. Doc. 1679-1. As experienced throughout the long history of this case, modifications are made to address changed circumstances, meet new challenges, and overcome old mind-sets that hinder equitable progress and inclusive growth. We commend the CEO's initiatives throughout this case and the support he receives from the TPSS, especially the Superintendent. See e.g. Rec. Doc. 1682-2 (Joint declaration of Superintendent Stilley and CEO Jackson). In many aspects, the CEO's proposed plan and the TPSS's goals and plans for equity and inclusion have common features. Superintendent Stilley is the executive who bears ultimate responsibility for daily operations of the TPSS, including the plans for and eventual implementation of all programs. She supervises TPSS employees. While we discern no deviation from noted court mandates in this instance, and expect none, there are checks and balances in place that will activate intervention wherever shown to require such, as done in the past. Today however that intervention is not warranted. In that regards, we look forward to reviewing the CCO's next annual report that will surely expound upon current and future issues.

New Orleans, Louisiana this 27th day of August, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE