**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JOYCE MARIE MOORE, ET AL**                               **CIVIL ACTION**

**VERSUS**                                                              **NO. 65-15556**

**TANGIPAHOA PARISH SCHOOL BOARD**              **SECTION: "B"(1)**

**ORDER & REASONS**

The Court Compliance Officer's 2021 report (Rec. Doc.1668) offers multiple observations and several recommendations.  In response, Plaintiffs' counsel filed a Motion in Response to the CCO Report (Rec. Doc. 1690), Plaintiffs express general concerns regarding staff and administrator hiring, use of funds from increased sales tax revenues attributable to TPSB, and the complaint process as modified by Rec. Doc. 1661.  Defendant filed a response (Rec. Doc. 1693), in which TPSB contends that it is in substantial compliance with Rec. Doc. 1661.

The recent CCO report offers a thorough summary of the status of the case and progress TPSB has made in its efforts to desegregate schools following the modifications set out at Rec. Doc. 1661.  The CCO made a specific recommendation regarding the complaint process TPSB has undertaken.  He also references this court's consideration whether to appoint an *independent expert* to evaluate TPSB schools that have and continue to receive failing or near failing grades, specifically "F" and "D" grades and best approaches to rectify those issues.  The failing schools, and many of those that are near failing, are predominately African-American schools.  Such an expert could propose viable solutions for placing those schools upon a track for success.  In addition, the CCO report offers insights on concerns and challenges regarding TPSB's "magnet" programs, which interrelate with the overall success of  the TPSB

1

schools.  The CCO report also suggests that a court appointed expert should take the magnet school and other issues into consideration.

The court has previously made several suggestions of well-qualified experts for the parties to consider and provided the parties information on the qualifications and background of those experts.  The court provided TPSB full opportunity to address the issues posed by the failing and near failing schools, and it intends to allow TPSB to make needed corrections and improvements. However, the court finds that an independent expert is needed and would greatly aide the parties in TPSB's ongoing efforts to desegregate its schools.

The court acknowledges and commends all of the many good faith efforts of parents, guardians, teachers, staff, students, administrators, board members, parties, counsel of record, as well as local, parish, and state leaders to improve TPSB's school system.  TPSB continues to make progress in various areas, despite significant challenges, including horrific weather-related losses, an on-going pandemic, and departures of two leading TPSB educators to state-wide assistant  superintendent positions at the Louisiana Department of Education.  Accordingly,

**IT IS ORDERED** that:

1.  The CCO shall convene a meeting **within thirty (30) days of this Order** with counsel, representatives of TPSB, including the Superintendent and other members of the management team that the Superintendent believes appropriate to attend, the Chief Equity Officer, as well as any other person(s) whom the CCO believes appropriate to include in the meeting.  The purpose of the meeting shall be to consider and select a court appointed independent expert.  The scope of the court appointed expert's role shall be to consider the facts, circumstances and other relevant matters and issues regarding TPSB failing and near failing schools, the efficacy of the "magnet" program, including

changes recently proposed and to be effected by TPSB, and teacher and student assignment, as appropriate.    The court appointed expert will perform those services with consideration of findings and recommendations from School Leadership Center of New Orleans ("SLC"), its data collector ATTUNED, Discipline Revolution Project ("DRP"), the TPSS, and other sources deemed relevant by the expert.  **No later than forty-five (45) days of this Order,** the CCO shall provide to the court a recommendation for a court appointed expert.

2. TPSB shall maintain a record of all complaints asserted in its *Moore* complaint process as set forth in Rec. Doc. 1661 (including the portions of Rec. Doc. 1615-1) that were adopted by entry of Rec. Doc. 1661, to include the following:

   a. Name of the complainant, and if a complaint is asserted on behalf of another person, the identity of that person;
   b. Date the complaint was asserted;
   c. Nature and summary of the complaint;
   d. Who followed up with the complainant and when;
   e. TPSB's determination regarding the complaint, and confirmation that the determination was effectively communicated to the complainant;
   f. When TPSB rejects a complaint, or otherwise decides that it lacks merit, in whole or part, TPSB should verify that the complaint was provided with a clear and concise explanation of the review or appeal process, including any time constraints;
   g. Whether an appeal or review was sought;
   h. In the event of an appeal or request for review, a discussion of the process and the appeal and result, if there is one;
   i. Current status of complaints; and
   j. For each school year, on a quarterly basis TPSB report a cumulative listing of all school level or "local" complaints, and the current status of the information required above, to Class Counsel, the CEO and CCO.

The CCO, TPSB, the Chief Equity Officer, and counsel are directed to meet and confer on the details of the reporting, including implementation of a process that is meaningfully representative of selected communications, but not over-inclusive of **day-to-day** communications with parents, guardians, teachers, staff, other TPSB employees, and others that would create unnecessary work and effort at the school level, and for employment matters, the Human Resources Department.

New Orleans, Louisiana, this 7th day of June, 2022

_____

SENIOR UNITED STATES DISTRICT JUDGE